**BOSON MARINE 6, LTD.,**
Plaintiff-Appellant,

v.

**CROWN POINT INDUSTRIES, INC., et al., Defendants-Appellees.**

No. 87-3646
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Aug. 10, 1988.

Richard K. Leefe, Metairie, La., for Boson Marine 6, Ltd.

John A. Stewart, Jr., New Orleans, La., for intervenor Herbert Machine.

S. Daniel Meeks and R. Monroe Garner, New Orleans, La., for Crown Point.

Judith R. Atkinson, Thomas E. Balhof and Carey J. Guglielmo, Baton Rouge, La., for La. Ins. Guar. Assoc.

Before REAVLEY, JOHNSON and JONES, Circuit Judges.

REAVLEY, Circuit Judge:

Boson Marine 6, Ltd. ("Boson") appeals the district court's dismissal of its claims for lack of subject matter jurisdiction. We affirm.

## I

Crown Point Industries, Inc. ("Crown Point") fabricated towers and bushings which were installed on the jack-up barge L/B Boson 6. Boson, the owner of the jack-up barge, brought this product liability action against Crown Point alleging that the towers and bushings were improperly fabricated and did not work properly. Jurisdiction was predicated solely on admiralty. While numerous third-party claims and a cross-claim were filed, none are relevant to our disposition of this appeal.

Following a bench trial, the district court entered a $33,908.47 judgment in favor of Boson and dismissed all claims. Crown Point filed a motion to alter or amend judgment in light of *East River S.S. Corp. v. Transamerica Delaval, Inc.,* 476 U.S. 858, 106 S.Ct. 2295, 90 L.Ed.2d 865 (1986), contending that the district court lacked subject matter jurisdiction. The district court granted this motion, vacated its earlier judgment and dismissed the action without prejudice.[1]

## II

In *East River*, the Supreme Court, "[e]xercising [its] traditional discretion in admiralty," held that "a manufacturer in a commercial relationship has no duty under either a negligence or strict products-liability theory to prevent a product from injuring itself." *Id.* at 871, 106 S.Ct. at 2302 (footnote omitted). The court also noted that neither claims based on "contracts relating to the construction of a ship" nor "warranty claims grounded in such contracts" are within the admiralty jurisdiction. *Id.* at 872, 106 S.Ct. at 2303 n. 7.

The damaged equipment which forms the basis of Boson's claim against Crown Point caused neither personal injury nor damage to other property.[2] Boson's

1. Herbert Machine Works, Inc. ("Herbert") performed machining work on portions of the equipment Crown Point supplied to Boson. Crown Point filed a third-party complaint against Herbert alleging that Herbert was at fault for the defects. While the district court's initial judgment dismissed Crown Point's claim against Herbert with prejudice, this judgment was later vacated and Crown Point's claim was dismissed without prejudice. Herbert intervened in this appeal, contending that the district court's dismissal for lack of subject matter jurisdiction was improper. The contentions made by Herbert and Boson are substantially identical. Accordingly we address them as one.

2. Boson contends that the equipment caused damage to other property because certain components of the equipment caused damage to other components of the equipment. The Supreme Court rejected a similar contention in *East River*, noting that

"Since all but the very simplest of machines have component parts, [a contrary] holding would require a finding of 'property damage' in virtually every case where a product dam-

**48**

claim was based on a theory of strict product liability, and the district court initially awarded damages based on this theory. The Supreme Court's ruling in *East River* eliminates this type of action where jurisdiction is based solely on admiralty. Therefore, Boson's strict product liability claim is not cognizable.

■ Boson contends that Crown Point entered into a contractual obligation to repair any damage caused by the defective equipment it fabricated, and notes that a contract for repair of a vessel in maritime commerce is a maritime contract subject to admiralty jurisdiction. *See Todd Shipyards Corp. v. Turbine Serv., Inc.,* 674 F.2d 401, 412 (5th Cir.), *cert. denied,* 459 U.S.. 1036, 103 S.Ct. 447, 74 L.Ed.2d 602 (1982). Boson bases this contention on a statement made by the president of Crown Point to representatives of Boson. When the equipment was installed, Boson realized that it was defective and notified Crown Point. In response, the president of Crown Point told Boson that he did not believe that the equipment would cause problems, but in the event that it did, "he would take care of it."

We disagree with Boson's assertion that this statement formed a "contract for repair." At most, this statement was an express warranty that Crown Point would repair the defective equipment if it caused problems. Our construction is consistent with the interpretation Boson attached to the statement in its complaint, where it alleged that Crown Point "warranted any deficiencies caused by [the equipment]."

Because a claim for breach of warranty is not within the admiralty jurisdiction, we hold that the district court correctly dismissed Boson's claims for lack of subject matter jurisdiction.

AFFIRMED.

---

ages itself. Such a holding would eliminate the distinction between warranty and strict products liability." *Northern Power & Engi-neering Corp. v. Caterpillar Tractor Co.,* 623 P.2d 324, 330 (Alaska 1981).
476 U.S. at 866–68, 106 S.Ct. at 2300.